# EXHIBIT A

DATE FILED: June 15, 2021 3:26 PM
FILING ID: B058AFC6CA7FA
CASE NUMBER: 2021CV31056

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Address:   7325 S. Potomac Street<br>            Englewood, Colorado 80112<br>            (303) 645-6600<br><br>Plaintiff:<br>**SVETLANA BORONETS**, an individual,<br><br>v.<br><br>Defendant(s):<br>**DILLON COMPANIES, LLC**, d/b/a King Soopers, a Kansas Corporation, and<br>**THE KROGER CO.**, d/b/a King Soopers, an Ohio Corporation. | ▲COURT USE ONLY▲<br><br>Case Number:<br><br>Division: |
| *Attorneys for Plaintiff Svetlana Boronets:*<br>Law Office of Timur Kishinevsky, LLC<br>Timur Kishinevsky, #31085<br>Michael J. Buchanan, #21780<br>Gordon Westmont, #45087<br>2851 South Parker Road, Suite 150<br>Aurora, Colorado 80014<br>Phone:      (720) 748-8888<br>Facsimile: (720) 748-8894<br>tkish@coloradolawteam.com<br>gordon@coloradolawteam.com<br>buchanan@coloradolawteam.com | |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff, Svetlana Boronets, by and through her attorney, Michael J. Buchanan, of The Law Office of Timur Kishinevsky, LLC, and for her Complaint and Jury Demand, states and alleges as follows:

## PARTIES

1. Plaintiff Svetlana Boronets is an individual, and at all times relevant to this Complaint, resides at 1302 S. Parker Road, Apt. 134, Denver, Colorado 80231 (in Arapahoe County, Colorado).

2. Defendant Dillon Companies, LLC, d/b/a King Soopers (hereinafter "Dillon"), at all times relevant to this Complaint, is a Kansas Corporation with a principal business address of 2700 East 4th Street, Hutchinson, Kansas 67501. Dillon is licensed and authorized to conduct business in the state of Colorado, and does in fact, regularly conduct business in the state of Colorado.

3. Defendant The Kroger Co., d/b/a King Soopers (hereinafter "Kroger"), at all times relevant to this Complaint, is an Ohio Corporation with a principal business address of 1014 Vine Street, Cincinnati, Ohio 45202. Kroger is licensed and authorized to conduct business in the state of Colorado, and does in fact, regularly conduct business in the state of Colorado.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court.

5. The facts which give rise to this Complaint occurred in Arapahoe County, Colorado, and venue is proper pursuant to C.R.C.P. 98(c)(5).

## GENERAL ALLEGATIONS

6. On or about July 3, 2019, Plaintiff Boronets was shopping at the King Soopers grocery store, located at 4910 S. Yosemite Street in Greenwood Village, Colorado 80111 (hereinafter the "Property").

7. Plaintiff Boronets was wearing appropriate footwear and had no physical impediments affecting her.

8. As Plaintiff Boronets was walking along the vegetable and fruit aisle at the Property, she slipped and fell on a wet/slick spot on the floor. The "wet/slick spot" was later determined to be a "smashed" fruit (most likely grapes) that had fallen onto the aisle floor.

9. The area where Plaintiff Boronets slipped and fell was unsupervised and unmarked with any warning or cautionary signage.

10. Additionally, the wet/slick spot, where Plaintiff Boronets slipped and fell, was not readily visible to shoppers and guests utilizing the area.

11. As the result of the slip and fall incident, Plaintiff Boronets suffered serious bodily injury, including, but not limited to, a severely fractured right wrist.

12. Management of the Property was immediately notified about the slip and fall incident.

13. One of the managers came to the scene of the slip and fall, saw the wet/slick spot on the floor, and noted that the wet/slick spot had been caused by fallen, and smashed fruit (most likely grapes).

14. Based upon information and belief, the Property (where Plaintiff Boronets slipped and fell), is owned and operated by Defendants Dillon and Kroger.

15. Defendants Dillon and Kroger owed a duty to Plaintiff Boronets to operate and maintain the Property in a safe and prudent manner and to maintain its premises in a safe condition free from hidden hazards and defects. Defendants Dillon and Kroger were negligent in that they maintained the Property in a careless manner and/or otherwise failed to sufficiently warn of any and all hazards, defects, and conditions which resulted in Plaintiff Boronets sustaining injuries. Some, if not all, of Defendant Dillon's and Kroger's actions constitute premises liability.

16. As a direct and proximate result of the negligence and carelessness of Defendant Dillon and Kroger, Plaintiff Boronets received personal injuries, some or all of which are permanent; has endured and will endure continuous physical, mental, and psychological pain and suffering; has suffered a permanent loss of enjoyment of life, past and future; has incurred medical and health care bills for treatment and care and will continue to do so in the future; and has lost the value of her home services past and future.

### **FIRST CLAIM FOR RELIEF**
**(Premises Liability)**

17. Plaintiff Boronets hereby incorporate all the above paragraphs.

18. On or about July 3, 2019, Defendants Dillon and Kroger owned, operated, controlled, or conducted activities at the Property.

19. Defendants Dillon and Kroger permitted activities to be conducted and/or allowed conditions to be present on the Property which they knew, or reasonably should have known, created an unreasonable risk of injury/damage/loss, to persons such as Plaintiff Boronets.

20. Plaintiff Boronets was on the Property as an invitee.

21. Defendants Dillon and Kroger, as operators of the Property, were negligent because they failed to use reasonable care in the management and maintenance of

the Property with respect to conducting business at the Property, or to give adequate warnings of the hazardous condition(s) existing on the Property.

22. On or about July 3, 2019, Plaintiff Boronets incurred injuries, damages, and losses as a result of dangerous/hazardous condition(s) that existed on the Property, when she slipped and fell on the previously described wet/slick spot.

## DAMAGES

23. Plaintiff Boronets hereby incorporates all the above paragraphs.

24. Defendant Dillon's and Kroger's negligence and/or permitting of activities to be conducted or allowing a condition(s) to be present on the Property which they knew, or reasonably should have known created an unreasonable risk(s) of injury/damage/loss, caused Plaintiff Boronets to incur past, present, and future non-economic injuries, damage and losses including pain and suffering, inconvenience, emotional distress, permanent injury/disfigurement/disability and/or impairment of his quality of life.

25. Defendant Dillon's and Kroger's negligence and/or permitting of activities to be conducted or allowing a condition(s) to be present on the Property which they knew, or reasonably should have known created an unreasonable risk(s) of injury/damage/loss, caused Plaintiff Boronets to incur past, present, and economic losses including reasonable and necessary medical expenses including physician, hospital therapy, prescription, and/or other expenses.

**WHEREFORE**, for the above reasons, Plaintiff Boronets respectfully requests that this Court enter judgment in favor of Plaintiff Boronets and against Defendants Dillon and Kroger, plus any pre- and post-judgment interest, attorney fees, costs, and such further relief as this Court deems fair and just.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Respectfully submitted June 15, 2021.

LAW OFFICE OF TIMUR KISHINEVSKY, LLC

*Original signature on file with*
*Law Office of Timur Kishinevsky LLC*

*/s/ Michael J. Buchanan*_____
Michael J. Buchanan, #21780
Timur G. Kishinevsky, #31085
Gordon Westmont, #45087
2851 So. Parker Rd., Suite 150
Aurora, Colorado  80014

4

Tel: 720-748-8888  
Fax: 720-748-8894  
*Attorneys for Plaintiff Svetlana Boronets*

Plaintiff's Address:

Svetlana Boronets  
1302 S. Parker Road, Apt. 134  
Denver, Colorado 80231